[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 8, 2007
THOMAS K. KAHN
CLERK

No. 05-12885

D. C. Docket No. 04-00008-CR-5-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID DEMETZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 8, 2007)**

Before EDMONDSON, Chief Judge, TJOFLAT, and GIBSON,[*] Circuit Judges.

PER CURIAM:

---

[*]Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

David Demetz ("Demetz") appeals his conviction and sentence for conspiracy to commit wire and mortgage fraud, wire fraud, money laundering, and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 2, 371, 1343, 1956(h), and 1957. No reversible error has been shown; we affirm.

The Government indicted Demetz on 24 counts of wire and mortgage fraud and money laundering. The indictments alleged that Demetz and others schemed to defraud mortgage companies by arranging to purchase previously-acquired residential properties at inflated prices, using false qualifying information or false liens to obtain loans based on the inflated purchase price, and then funneling the excess proceeds back to themselves. The jury returned a guilty verdict on 22 counts.

After hearing additional argument by both the Government and the defense, the jury rendered decisions on special findings on points outlined in the indictment involving Demetz's role in the fraudulent scheme and the amounts involved. The district court then conducted a separate sentencing hearing and sentenced Demetz to a 108 months' imprisonment, three years' supervised release, restitution, and a fine.

Demetz raises four errors on appeal. First, he argues that the district court abused its discretion in denying Demetz's oral motion for a continuance, given

2

counsel's appointment only three months before trial and the voluminous discovery involved in the case. Next, Demetz asserts that the district court abused its discretion by admitting evidence of his 1986 felony drug conviction for impeachment purposes.[1] And, Demetz challenges the district court's refusal to allow defense counsel to reference a co-defendant's plea agreement – which had been introduced into evidence earlier in the proceedings – during closing arguments on the special findings. Last, Demetz contends that his 108-month sentence is unreasonable under United States v. Booker, 543 U.S. 220 (2005). We conclude that these arguments have no merit. Demetz's conviction and sentence are therefore

**AFFIRMED.**

---

[1]Demetz testified on his own behalf. On cross-examination, when asked why his mother was listed as the owner of Demetz's brokerage on the mortgage broker license application, Demetz revealed that he had an earlier felony conviction that he feared would prevent the license from being issued. The defense objected and moved for a mistrial, arguing that the conviction was inadmissible under both Fed. R. Evid. 609 and 404(b). The court overruled the objection and allowed the government to proceed on the ground that the prior conviction showed that Demetz had lied about its existence on his initial mortgage broker application.